UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL JACKSON,

    Plaintiff,

  v.            Case No. 25-cv-850-BBC

MELINDA TEMPELIS, et al.,

    Defendants.

---

## SCREENING ORDER

---

  Plaintiff Daniel Jackson, who is currently serving a state prison sentence at the Wisconsin Secure Program Facility and representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 1 & 2. The Prison Litigation Reform Act (PLRA) applies to this case because Jackson was incarcerated when he filed his complaint. *See* 28 U.S.C. §1915. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. *See* 28 U.S.C. § 1915(a). One of those requirements is that the plaintiff pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). On July 17, 2025, Jackson paid an initial partial filing fee of $0.98. *See* Dkt. No. 5. Therefore, the Court will grant his motion for leave to proceed without prepayment of the filing fee.

  On June 13, 2025, Jackson filed a 40-page original complaint which includes numerous exhibits that allegedly contain relevant facts. Dkt. No. 1. On August 18, 2025, Jackson filed a motion to appoint counsel. Dkt. No. 9. On August 25, 2025, he filed a 5-page motion to supplement the complaint. Dkt. No. 10. The proper way to add facts, claims, and defendants to a

case is to file an Amended Complaint that includes all of the facts, claims, and defendants that Jackson wishes to proceed on in one document. *See* Fed. R. Civ. P. 15(a); *see* Civ. L. R. 15(a) (E.D. Wis.); *see also Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). Piecemeal supplementation of the complaint clutters the docket and unnecessarily complicates the case; and it also is not the Court's responsibility to sift through numerous exhibits to find the relevant facts. Accordingly, the Court will deny Jackson's motion to supplement the complaint and will instead give Jackson the opportunity to file an Amended Complaint, **within 30 days of the date of this order**, that includes all of the facts, claims, and defendants that Jackson wishes to proceed on in one document.

As a courtesy to Jackson, the Court will enclose: (1) a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen; and (2) a blank prisoner amended complaint form. The Court will require Jackson to use that form to file his Amended Complaint. *See* Civ. L. R. 9 (E.D. Wis.). The Amended Complaint must provide a simple, concise, and direct statement of his claims. *See* Fed. R. Civ. P. 8(a)(2). Jackson does not need to include every detail giving rise to his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did. *Id*. If Jackson believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a maximum of five typed, double-spaced pages. The Amended Complaint should be no more than ten pages total.

The Amended Complaint must bear the docket number assigned to this case and must be complete in itself without reference to the original complaint. *See Duda*, 133 F.3d at 1056–57. In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading. *Id*. If Jackson files an Amended

2

Complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Jackson does not file an Amended Complaint, the Court will screen only his original complaint (without reference to any of the "supplements" or "exhibits" he filed).

With respect to the motion to appoint counsel, it is far too early in the case to determine if the issues in the case are too complex for Jackson to handle on his own. *See Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019) (noting that, in situations where a plaintiff files a motion to appoint counsel in the early stages of the case, it is often "impossible to tell" whether the plaintiff could represent himself adequately). Until the Court screens the operative complaint, both the complexity of the case and Jackson's ability to represent himself adequately are unclear. Based on Jackson's filings thus far, the Court has no concerns about his ability to communicate with the Court in writing or advocate for himself. Therefore, the Court will deny the motion to appoint counsel without prejudice. Accordingly,

**IT IS THEREFORE ORDERED** that Jackson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Jackson's motion to appoint counsel (Dkt. No. 9) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Jackson's motion to supplement the complaint (Dkt. No. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that the agency having custody of Jackson shall collect from his institution trust account the **$349.02** balance of the filing fee by collecting monthly payments from Jackson's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall

be clearly identified by the case name and number assigned to this action. If Jackson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jackson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Jackson is confined.

**IT IS FURTHER ORDERED** that Jackson may file an Amended Complaint **within 30 days of the date of this order.** If Jackson files an Amended Complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Jackson does not file an Amended Complaint, the Court will screen only his original complaint (without reference to any of the "supplements" or "exhibits" he filed).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Jackson a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jackson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on August 29, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge