UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL JACKSON,

          Plaintiff,

       v.                                          Case No. 25-CV-850-BBC

MELINDA TEMPELIS, et al.,

          Defendants.

---

## SCREENING ORDER

---

      Plaintiff Daniel Jackson, who is currently serving a state prison sentence at the Wisconsin Secure Program Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court for screening of the Amended Complaint.

### SCREENING OF THE AMENDED COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It

must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Jackson is an inmate at the Wisconsin Secure Program Facility. Dkt. No. 12. Defendants are Outagamie County District Attorney (DA) Melinda Tempelis and Outagamie County Assistant District Attorney (ADA) Joshua Dryak. *Id*. at 1. According to the Amended Complaint, DA Tempelis and ADA Dryak engaged in malicious prosecution in: (1) Outagamie County Case No. 2024CF552; and (2) Outagamie County Case No. 2024CF728. *Id*. at 2-8. According to public record, Defendants brought Case No. 2024CF552 on June 11, 2024 and Case No. 2024CF728 on October 3, 2024. *See* WISCONSIN CIRCUIT COURT ACCESS, *State of Wisconsin v. Jackson*, Case Nos. 2024CF552 & 2024CF728, *available at* https://wcca.wicourts.gov (last visited October

30, 2025).  On March 26, 2025, ADA Dryak filed a motion to join the cases.  Dkt. No. 12 at 4. Jackson claims that the joinder was an attempt to "manipulate the evidence."  *Id*.  The state court judge granted the motion to join the cases on March 31, 2025; and set a jury trial for April 23, 2024.  *See* CCAP.  Five days before the jury trial, on April 17, 2025, ADA Dryak allegedly amended the charges to bring new claims.  Dkt. No. 12 at 4.  At the conclusion of the jury trial, on April 29, 2025, the jury found Jackson guilty of Misdemeanor Battery (Wis. Stat. §940.19(1)), Misdemeanor Disorderly Conduct (Wis. Stat. §947.01(1)), and Misdemeanor Resisting or Obstructing an Officer (Wis. Stat. §946.41(1)).  *See* CCAP.  The jury found Jackson not guilty of Felony False Imprisonment (Wis. Stat. §940.30) and Felony Battery (Wis. Stat. §940.19(2)).  *Id*. The state court judge imposed the conviction in Case No. 2024CF552 and dismissed Case No. 2024CF728.  Dkt. No. 12 at 4.  Jackson claims that ADA Dryak "acted maliciously," "lacked probable cause," "illegally prosecuted" him, withheld evidence, misrepresented information, violated due process, and "perpetuated a fraud upon the court" during the arraignment, court hearings, jury trial, and sentencing.  *Id*. at 5-7.  Jackson claims that DA Tempelis knew about the circumstances and is liable as a supervisor.  *Id*. at 7-8.  For relief, Jackson seeks monetary damages. *Id*. at 9.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law."  *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

3

Prosecutors enjoy absolute immunity from civil suits, including for §1983 actions, if their actions were taken in the scope of initiating and presenting the government's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Mays v. Johnson*, 850 F. App'x 981, 982 (7th Cir. 2021). This is so "even if [the DA] initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *see also Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) (prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause). Indeed, courts have long recognized that prosecutors may lose their independence if they fear civil lawsuits stemming from criminal prosecutions. *Burns v. Reed*, 500 U.S. 478, 492 (1991); *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Jackson's allegations against DA Tempelis and ADA Dryak all squarely fall within the scope of their duties to initiate and present the government's case. Therefore, they are entitled to absolute prosecutorial immunity; and the Court must dismiss this case because it seeks monetary relief from a defendant who is immune from such relief. The Court will also impose a "strike" against Jackson under 28 U.S.C. §1915(g) for filing a frivolous lawsuit against individuals absolutely immune from suit under §1983. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (affirming a first strike in the district court, and imposing a second strike on appeal, on a Plaintiff who filed and appealed a frivolous lawsuit against individuals absolutely immune from suit under §1983); *see also Williams v. Goldsmith*, 701 F.2d 603, 604 (7th Cir. 1983) ("All the defendants are absolutely immune from suit. Therefore, plaintiff's claim is frivolous.").

## CONCLUSION

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) based on absolute prosecutorial immunity.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g) for filing a frivolous lawsuit.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on October 31, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.