UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL JACKSON,

        Plaintiff,

        v.                              Case No. 25-CV-850

MELINDA TEMPELIS and
JOSHUA DRYAK,

        Defendants.

---

## ORDER

---

Plaintiff Daniel Jackson is incarcerated at Wisconsin Secure Program Facility and representing himself in this 42 U.S.C. § 1983 action. On October 31, 2025, the Court screened Plaintiff's amended complaint and dismissed the case because the defendants were entitled to absolute prosecutorial immunity. Dkt. No. 13. On November 6, 2025, Plaintiff filed a notice of appeal, and on November 14, 2025, he filed a motion for leave to appeal without prepayment of the filing fee. The Court informed Plaintiff that by December 1, 2025, he must submit an institutional trust account statement for the six-month period preceding the filing of his notice of appeal. Plaintiff did not comply, so on December 2, 2025, the Court ordered Plaintiff to provide his trust account statement (or a written explanation of why he was unable to do so) by December 15, 2025. The Court warned Plaintiff that failure to comply would result in the Court denying his motion for leave to proceed on appeal without prepaying the filing fee.

On December 10, 2025, Plaintiff filed a motion for the Court to compel the warden to provide a copy of Plaintiff's trust account statement. Dkt. No. 22. Plaintiff asserts that the

institution is refusing to provide him with funds for legal correspondence and photocopying, so he cannot submit a copy of his trust account statement for the past six months. *Id.*

Under 28 U.S.C. § 1915(a)(2), "[a] prisoner seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The Court does not have authority to excuse Plaintiff from this statutory requirement. Obviously, Plaintiff's capacity to file a trust account statement, which is prepared and mailed by the institution's business office, is limited by the institution's willingness to comply with his requests to do so. But Plaintiff has not demonstrated that he has done everything within his power to arrange the submission of his trust account statement.

The Court will extend Plaintiff's deadline to submit a certified copy of his trust account statement to **January 15, 2026**. If he is unable to arrange the submission of the statement, he must provide a declaration[1] detailing his efforts to arrange the submission of the statement. He should also include copies of all disbursement requests he submitted along with any responses to his requests that he received. Unsupported, conclusory statements that the institution is refusing to provide him with a copy of his trust account statement will not be sufficient. The Court notes that Plaintiff arranged the submission of his trust account statement when he brought this action, so he appears to be aware of the relevant process, but if he has any questions, he should submit an information request to the business office or consult his institution's handbook.

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for the Court to order the warden to provide a copy of Plaintiff's trust account statement (Dkt. No. 22) is **DENIED**. If the Court does not receive Plaintiff's trust account statement or a thorough explanation of the specific challenges Plaintiff faces in arranging the submission of the statement by **January 15, 2026**, the Court will deny Plaintiff's motion to appeal without prepayment of the filing fee.

Dated at Green Bay, Wisconsin on December 15, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge
